IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RASHEED T., | : | CIVIL ACTION |
|         Plaintiff | : | |
| | : | |
|     v. | : | |
| | : | |
| FRANK BISIGNANO,[1] | : | |
| Commissioner of the | : | |
| Social Security Administration, | : | |
|         Defendant | : | NO. 25-189 |

**MEMORANDUM**

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE　　　　　　　　　　　　　　　　　　　May 30, 2025

　　　　Rasheed T. ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the Social Security Administration Commissioner's ("the Commissioner") final decision, denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), under Titles II and XVI of the Social Security Act.  Plaintiff filed a brief supporting his request for review, the Commissioner responded to it, and Plaintiff has filed a reply brief.  For the reasons set forth below, Plaintiff's Request for Review will be granted, and Judgment will be entered in Plaintiff's favor and against Defendant.

## I.　　PROCEDURAL HISTORY[2]

　　　　On October 5, 2022, Plaintiff applied for SSI and DIB, alleging disability, beginning May 1, 2021, because of sickle cell disease, blood clots, mental impairments, and the lasting effects of gunshot trauma.  R. at 238-47, 267.  The Social Security Administration ("SSA") initially, and

---

[1] Frank Bisignano became Commissioner of the Social Security Administration on May 7, 2025.  Pursuant to Fed. R. Civ. P. 25(d), Mr. Bisignano is substituted as Defendant in this suit.  Pursuant to the last sentence of 42 U.S.C. § 405(g), no further action needs to be taken to continue this suit.
[2] This court has reviewed and considered the following documents in analyzing this case: Plaintiff's Brief and Statement of Issues in Support of Request for Review ("Pl.'s Br."), Defendant's Response to Request for Review of Plaintiff ("Def.'s Resp."), Plaintiff's Reply Brief ("Pl.'s Reply"), and the administrative record ("R.").

1

upon reconsideration, denied Plaintiff's claim; hence, he requested a hearing. *Id.* at 2-3. On August 28, 2024, Plaintiff appeared before Administrative Law Judge ("the ALJ") Jennifer M. Lash. *Id.* at 44. Plaintiff, represented by an attorney, and vocational expert Ellen Levine ("the VE") testified at the hearing. *Id.* On October 24, 2024, the ALJ, using the sequential evaluation process ("SEP") for disability,[3] issued an unfavorable decision. *Id.* at 35. The Appeals Council denied Plaintiff's request for review, on November 27, 2024, making the ALJ's findings the Commissioner's final determination. *Id.* at 1-3. Plaintiff sought judicial review from this court, on January 12, 2025. Both parties have consented to the undersigned's jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

## II.   FACTUAL BACKGROUND

A.   <u>Plaintiff's Personal History</u>

Plaintiff, born on January 15, 1975, R. at 51, was 49 years old when the ALJ rendered her

---

[3] The Social Security Regulations provide the following five-step sequential evaluation for determining whether or not an adult claimant is disabled:

> 1. If claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).
>
> 2. If claimant is found not to have a severe impairment which significantly limits her physical or mental ability to do basic work activity, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).
>
> 3. If claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise proceed to Step 4. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).
>
> 4. If claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed. Otherwise proceed to Step 5. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f).
>
> 5. The Commissioner will determine whether, given claimant's residual functional capacity, age, education and past work experience in conjunction with criteria listed in Appendix 2, s/he is or is not disabled. *See* 20 C.F.R. §§ 404.1520(g), 416.920(g).

decision. Ninth grade is the highest level of education he completed. *Id.* at 53. Plaintiff has a partner, who also serves as his home health aide, and three children. *Id.* at 51, 64. He has a driver's license, which was suspended due to his failure to make child support payments. *Id.* at 52. Plaintiff stated that he last drove in 2021. *Id.* He does not belong to any support, religious, or community groups. *Id.* at 65.

B.     Plaintiff's Testimony

Plaintiff testified that he experiences a sickle cell crisis approximately twice a month, ranging in severity from mild to severe. R. at 60. Due to a gunshot wound, Plaintiff stated that he lost part of his small intestine and suffered damage to his bladder. As a result, he is unable to make it to the bathroom about three times a week. *Id.* at 61. The gunshot injury also resulted in "a rod and screws from [his] knee to [his] hip and [his] left femur bone. . . . which also causes [him] a lot of pain." *Id.* at 63. Plaintiff uses a cane to get around because he has trouble being on his feet. *Id.* at 62. After about ten minutes, he needs to sit down. *Id.* at 63.

Plaintiff described his difficulty with concentration, inability to get along with others, depression, anxiety, and his apathy towards the things he used to enjoy. *Id.* at 62.

C.     Vocational Expert's Testimony

At the August 28, 2024 hearing, the VE testified that based on Plaintiff's file, she classified Plaintiff's past work would be classified as a composite job of a rug cleaner and a floor cleaner. *Id.* at 66-67. This composite position was medium[4] work, performed at a heavy[5] level, in both instances. *Id.* at 67.

---

[4] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. §§ 404.1567(c), 416.967(c).

[5] "Heavy work involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds. If someone can do heavy work, we determine that he or she can also do medium, light, and sedentary work." 20 C.F.R. §§ 404.1567(d), 416.967(d).

3

The ALJ asked the VE to consider a hypothetical individual of Plaintiff's age, education, and work experience, who performs as follows:

> [He] can lift and carry 20 pounds occasionally and ten pounds frequently. Can stand and/or walk four hours total in an eight-hour workday. Can sit six hours total in an eight-hour workday. Requires the use of a cane for ambulation. Can frequently push and pull with both arms. Can operate foot controls frequently with the right leg and occasionally with the left leg. Can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs. Can never climb ladders, ropes, or scaffolds. Must avoid concentrated exposure to extreme cold, vibration, and hazards including moving machinery and unprotected heights. Can understand, remember, and carry out simple instructions requiring no more than scheduled breaks. Can frequently interact with the public, coworkers, and supervisors. And can deal with occasional changes in a routine work setting.

R. at 67. The VE responded that, although this hypothetical individual could not perform Plaintiff's past relevant work; they could perform the unskilled[6] and light[7] jobs of: (1) marker, 41,000 positions nationally; (2) router, 6,000 positions nationally; and (3) small parts assembler, 5,100 positions nationally. *Id*. at 68.

The ALJ's second hypothetical involved a person who was "more limited in that the individual can [only] frequently handle, finger, feel, push, pull, and reach in all directions, including overhead, with both arms." *Id.* at 69. The VE answered that all the alternative jobs provided would remain in the same numbers. *Id.*

---

[6] "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time. The job may or may not require considerable strength. For example, we consider jobs unskilled if the primary work duties are handling, feeding and offbearing (that is, placing or removing materials from machines which are automatic or operated by others), or machine tending, and a person can usually learn to do the job in 30 days, and little specific vocational preparation and judgment are needed. A person does not gain work skills by doing unskilled jobs." 20 C.F.R. §§ 404.1568(a), 416.968(a).

[7] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b), 416.967(b).

4

The ALJ's third scenario included the previous restrictions and further restricted the individual to a range of sedentary[8] work, and ability to "lift and carry ten pounds instead of 20 pounds and also . . . stand and/or walk two hours total in an eight-hour workday as opposed to four." *Id.* at 70. The VE stated that such an individual, nevertheless, could perform the following sedentary jobs: (1) document preparer, 14,000 positions nationally; (2) eyeglass frames polisher, 1,100 positions nationally; and (3) touch-up screener, 1,200 positions nationally. *Id.* at 70-71.

### III.   THE ALJ'S FINDINGS

In her decision, the ALJ issued the following findings:

1. [Plaintiff] meets the insured status requirements of the Social Security Act through September 30, 2024.

2. [Plaintiff] has not engaged in substantial gainful activity since May 1, 2021, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

3. [Plaintiff] has the following severe impairments: residuals from gunshot wounds and left lower limb fracture, sickle/beta thalassemia with hemolytic anemia, obesity, depressive disorder, anxiety disorder, attention deficit hyperactivity disorder, and trauma and stressor related disorder (20 CFR 404.1520(c) and 416.920(c)).

4. [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, I find that [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except can lift and/or carry twenty pounds occasionally and ten pounds frequently; can stand and/or walk four hours total in an eight-hour workday; can sit six hours total in an eight-

---

[8] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 404.1567(a), 416.967(a).

      hour workday; he requires the use of a cane for ambulation; can frequently push and pull with both arms; can operate foot controls frequently with the right leg and occasionally with the left leg; can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps or stairs; can frequently handle, finger, feel, push, pull, and reach in all directions, including overhead, with both arms; can never climb ladders, ropes, or scaffolds; must avoid concentrated exposure to extreme cold, vibration, and hazards including moving machinery and unprotected heights; can understand, remember, and carry out simple instructions requiring no more than scheduled breaks; can frequently interact with the public, coworkers and supervisors; and can deal with occasional changes in a routine work setting.

6. [Plaintiff] is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. [Plaintiff] was born on January 15, 1975 and was 46 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. [Plaintiff] has at least a high school education (20 CFR 404.1564 and 416.964).[9]

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that [Plaintiff] is "not disabled," whether or not [Plaintiff] has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the [Plaintiff]'s age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

11. [Plaintiff] has not been under a disability, as defined in the Social Security Act, from May 1, 2021, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

R. at 19-21, 23-24, 33, 35.

---

[9] Plaintiff testified that he left school after the ninth grade because of bullying. R. at 54.

## IV.   DISCUSSION

A.   <u>Standard of Review</u>

Judicial review of the Commissioner's final decision is as follows.  The Commissioner's findings of fact will not be disturbed if substantial evidence supports them.  *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999).  Substantial evidence is not "a large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019), it may amount to less than an evidentiary preponderance.  *Fargnoli v. Halter*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988).

Overall, this test is deferential to the ALJ.  *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987).  The court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo*, might have reached a different conclusion.  *Id.*  Indeed, the court may not undertake a *de novo* review of the Commissioner's decision by reweighing the record evidence itself.  *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005); *Monsour Med. Ctr.*, 806 F.2d at 1190-91.  Nor is the court permitted to "impose [its] own factual determinations."  *Chandler*, 667 F.3d at 359; *see Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002) ("We also have made clear that we are not permitted to weigh the evidence or substitute our own conclusions for that of the fact-finder.").  By contrast, the Commissioner's legal conclusions are subject to *de novo* review.  *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at

431.

B.   <u>Burden of Proof in Disability Proceedings</u>

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that he cannot engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).  Plaintiff may establish a disability through: (1) medical evidence meeting one or more serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy."  *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments.  *Heckler*, 461 U.S. at 460.  Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents a return to their past employment.  *See Brown*, 845 F.2d at 1214.  If Plaintiff proves that the impairment results in functional limitations to performing their past relevant work, then the burden of proof shifts to the Commissioner to prove that work exists in the national economy, which Plaintiff can perform given their age, education, work experience, and residual functional capacity.  *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Poulos,* 474 F.3d at 92.

C.   <u>Review of the Administrative Law Judge's Decision</u>

Applying the sequential evaluation process, the ALJ determined that, while Plaintiff could not perform his past relevant work, he, nevertheless, could perform other work, because suitable jobs in the national economy exist in significant numbers.  R. at 33.  Appropriate light jobs included

those identified by the VE: (1) marker, (2) router, and (3) small parts assembler. *Id.* at 67. The ALJ concluded that, based on Plaintiff's age, education, work experience, and residual functional capacity ("RFC"), he was not disabled from May 1, 2021, through the date of her decision. *Id.* at 29. Plaintiff makes two arguments disputing the ALJ's decision: (1) the ALJ's limitation of Plaintiff to "simple tasks" does not account for his actual limitation to "1-2 step tasks," and (2) the ALJ failed to perform an adequate medical equivalence analysis. The Commissioner counters that Plaintiff's arguments lack merit. Def.'s Resp. at 5, 10. This court finds that, because Plaintiff's medical equivalency claim is meritorious, he is entitled to relief. Therefore, the court need not address his first argument.

<u>The ALJ Erred by Failing to Perform an Adequate Medical Equivalence Analysis</u>

Plaintiff takes issue with the ALJ's failure to perform a medical equivalency analysis at Step 3. Pl.'s Br. at 7. This court agrees that the ALJ's failure to do so warrants remand.

At SEP Step Three, the ALJ must first consider the severity of the claimant's impairment(s) and ascertain whether the impairment(s) meets or medically equals one of the impairments listed in the Appendix. 20 CFR §§ 404.1526(b), 416.926(b). While the ALJ analyzed whether Plaintiff met Listing § 7.05 and § 1.17, she failed to determine whether Plaintiff medically equaled either listing. She simply stated that "[Plaintiff] does not have an impairment or combination of impairments that met or medically equals the severity of one of the listed impairments . . ." R. at 21. This circuit requires that an ALJ set forth the reasons for her decision whether a claimant meets or equals a listing, and conclusory statements on the issue impede meaningful judicial review. *See Burnett v. Comm'r of SSA*, 220 F.3d 112, 119-20 (3d Cir. 2000). Since the ALJ rendered a conclusory statement incapable of judicial review, remand is required.

## V. CONCLUSION

This court finds that the ALJ failed to properly perform an adequate medical equivalency analysis. Accordingly, Plaintiff's Request for Review is, therefore, granted. An implementing Order and Order of Judgment follow.